UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


NICOLE E. RYKSE,

    Plaintiff,

v.                                                                                 Case No. 1:23-cv-452
                                                                               Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,
_____/

## OPINION

        Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) which denied her application for disability insurance benefits (DIB).

        On November 19, 2018, plaintiff filed an application for DIB alleging a disability onset date of May 19, 2018.  PageID.28.  Plaintiff identified her disabling conditions as: severe depression; post-traumatic stress disorder (PTSD); migraines; polycystic ovarian syndrome; asthma; interstitial cystitis; kidney stones; and psoriasis. PageID.291. Prior to applying for benefits, plaintiff completed an associate's degree and had past relevant work as a registered nurse. PageID.37, 52.  An administrative law judge (ALJ) reviewed plaintiff's application de novo and entered a written decision denying benefits on April 27, 2022.  PageID.28-39.  This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

1

I.  **LEGAL STANDARD**

"The federal courts review the Commissioner's factual findings for substantial evidence and give fresh review to its legal interpretations." *Taskila v. Commissioner of Social Security*, 819 F.3d 902, 903 (6th Cir. 2016). This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). "Substantial evidence, this Court has said, is more than a mere scintilla. It means — and means only — such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (internal quotation marks and citations omitted).

A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health and Human Services*, 925 F.2d 146 (6th Cir. 1990). The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations, or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). "If the [Commissioner's] decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994).

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II.     ALJ's DECISION

Plaintiff's application for DIB failed at the fifth step of the evaluation. At the first step, the ALJ found that plaintiff has not engaged in substantial gainful employment since the alleged onset date of May 19, 2018 and met the insured status requirements of the Social Security Act through December 31, 2023. PageID.30. At the second step, the ALJ found that plaintiff has a severe impairment of major depressive disorder. PageID.31. At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.32.

The ALJ decided at the fourth step that,

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: she can have frequent interactions with supervisors and occasional interaction with coworkers and the public. The claimant can concentrate, persist, and maintain pace to perform simple, routine tasks and make simple work-related decisions.

PageID.33. The ALJ also found that plaintiff was unable to perform any past relevant work. PageID.37.

At the fifth step, the ALJ found that plaintiff could perform a significant number of unskilled jobs at all exertional levels. PageID.37. Specifically, the ALJ found that plaintiff could perform the requirements of occupations in the national economy such as bakery laborer (88,000 jobs, medium exertional level), laundry laborer (63,000 jobs, medium exertional level), and kitchen helper (94,000 jobs, medium exertional level). PageID.38. Accordingly, the ALJ determined that plaintiff was not under a disability, as defined in the Social Security Act, from May 19, 2018 (the alleged onset date) through April 27, 2022 (the date of the decision). PageID.38-39.

### III.     DISCUSSION

Plaintiff contests the ALJ's residual functional capacity (RFC) determination, raising two related errors on appeal.

> **A. The ALJ erred by failing to adequately account for all plaintiff's limitations stemming from each of her medically determinable impairments ["MDI's"] or the combination of her impairments as is required by 20 C.F.R. § 416.945(e) and SSR 96-8p.**
>
> **B. The ALJ further erred by failing to determine whether [plaintiff] retains the ability to do sustained work activities in an ordinary work setting on a regular and continuing basis despite her impairments in accordance with SSR 96-8p.**

The ALJ is "charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an assessment of her residual functional capacity." *Webb v. Commissioner of Social Security*, 368 F.3d 629, 633 (6th Cir. 2004) (internal quotation marks and brackets omitted). RFC is a medical assessment of what an individual can do in a work setting in spite of functional limitations imposed by all of his medically determinable impairments. *See* 20 C.F.R. § 416.945. It is defined as "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(c). As articulated in the agency's policy interpretation, SSR 96-8p,

> Ordinarily, RFC is the individual's *maximum* remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis, and the RFC assessment must include a discussion of the individual's abilities on that basis. A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule.

SSR 96-8p, 1996 WL 374184 at *2 (July 2, 1996) (emphasis in original).

First, plaintiff contends that if the ALJ had considered all of her non-severe impairments in formulating the RFC,

5

> he would have needed to include additional limitations that would have likely necessitated time off task or absences from work which would have been work preclusive in light of the VE's [vocational expert's] testimony that 10% or more off-task or six (6) to eight (8) days absent from work, including leaving early or arriving late, would have been work-preclusive.

Plaintiff's Brief (ECF No. 11, PageID.779). In this regard, plaintiff contends that the ALJ improperly considered her non-severe impairments as transient (Page.ID.31), despite plaintiff's testimony "that her physical impairments such as her migraines, kidney stones, polycystic ovary disease, and inflamed bladder are chronic conditions that cause significant pain and in some cases are issues she has been dealing with for years or even most of her life. PageID.68-72." *Id*. at PageID.780.

As discussed, the ALJ found that plaintiff had one severe impairment of major depressive disorder. Upon determining that a claimant has one severe impairment the ALJ must continue with the remaining steps in the disability evaluation. *See Maziarz v. Secretary of Health & Human Services*, 837 F.2d 240, 244 (6th Cir. 1987). Once the ALJ determines that a claimant suffers from at least one severe impairment, the ALJ "will consider the limiting effects of all [the claimant's] impairment(s), even those that are not severe, in determining [the claimant's] residual functional capacity". 20 C.F.R. § 404.1545(e). *See Hedges v. Commissioner of Social Security*, 725 Fed. Appx. 394, 395 (6th Cir. 2018).

Here, the ALJ evaluated plaintiff's RFC consistent with 20 C.F.R. § 404.1545(e). *See* PageID.31 ("I considered all of the claimant's medically determinable impairments, including those that are not severe, when assessing the claimant's residual functional capacity."). The ALJ identified plaintiff's non-severe impairments, stating:

> These include obesity, migraines, polycystic ovarian syndrome, asthma, interstitial cystitis, kidney stones, and psoriasis (Exhibit 12F/2). On the asthma questionnaire, the claimant reported no emergent treatment, hospitalizations, or attacks within the previous 12 months (Exhibit 5E). She added asthma attacks do not affect work, and

6

> she is "normal" within 5 to 20 minutes. The claimant reports no emergency room visits for a migraine within the last year, denied any preventative medications are effective. While the claimant endorses 4 to 10 migraines a month, the record does not reflect routine or crisis treatment one might expect given the amount of migraines alleged and the side effects including nausea, vomiting, and sensitivity to smell, light, and sound (Exhibit 5E/6). Overall, there is no objective evidence to show the claimant's physical impairments are more than transient or that they cause significant vocational limitations. Additionally, the claimant has not described any significant limitations as a result of these alleged impairments. . . .
>
> The claimant also alleges posttraumatic stress disorder (PTSD) and panic attacks. To establish the existence of a medically determinable impairment, there must be objective medical signs or laboratory findings from an acceptable medical source (20 CFR 404.1513(a)). A medically determinable impairment may not be established solely on the basis of symptoms alone, or on the claimant's allegations regarding symptomatology (20 CFR 404.1508). Regardless of how many symptoms an individual alleges, or how genuine the individual's complaints may appear to be, the existence of a medically determinable physical or mental impairment cannot be established in the absence of objective medical abnormalities; i.e., medical signs and laboratory findings. The claimant endorses anxiety, but her providers have assessed her with major depressive disorder with anxiety and not anxiety disorder. The claimant has also discussed a history of trauma in her childhood, but she has not been assessed for PTSD nor has she participated in specific trauma related treatment. Despite not being assessed with these impairments, the assessed mental residual functional capacity addresses any limitations that are associated with symptoms from these impairments.

PageID.31-32.

The ALJ also considered plaintiff's obesity,

> In assessing the residual functional capacity, I have also considered Social Security Ruling 19-2p, which provides that obesity is a complex, chronic disease characterized by excessive accumulation of body fat. Obesity is generally the result of a combination of factors (e.g., genetic, environmental, and behavioral). Obesity is considered a "severe" impairment when, alone or in combination with another medically determinable physical or mental impairments, it significantly limits an individual's physical or mental ability to do basic work activities. I also took into account that obesity can cause limitation of function in any of the exertional functions such as sitting, standing, walking, lifting, carrying, pushing, and pulling. It may also affect ability to do postural functions, such as climbing, balancing, stooping, and crouching. The ability to manipulate may be affected by the presence of adipose tissue in the hands and fingers. The ability to tolerate extreme heat, humidity, or hazards may also be affected. The combined effects of obesity with other impairments may be greater than might be expected without obesity. The claimant's average body mass index (BMI) exceeds 30 kg/m², an indication that the

claimant is obese (Exhibit 4F/9). While the claimant's medical history is significant for obesity and accordingly, in the instant case, there is no indication of functional limitations. Accordingly, obesity has been considered in conjunction with the claimant's other impairments, but I do not find it to be severe.

PageID.31.

In her related issue, plaintiff contends that the ALJ failed to determine whether she had the ability to perform sustained work activities on a regular and continuing basis, repeating her claims regarding the non-severe impairments. Plaintiff's Brief at PageID.780.  Contrary to plaintiff's contention, the administrative record supports the ALJ's decision.  With respect to the physical impairments, the ALJ observed that "[w]hen completing the function report, the claimant do [sic] not describe any physical limitations based on illnesses, injuries, or conditions (Exhibit 4E/6)."  PageID.34.  In this regard, the ALJ noted that two State DDS medical consultants, Francis Grubelich, M.D. and Larry Jackson, M.D. "found the medically determinable physical impairments are nonsevere and do not support work related limitations and thus did not assess a residual functional capacity."  PageID.36.  On initial review of plaintiff's medical records, Dr. Grubelich found that "[t]hese impairments either singularly or combined do not impose serious functional loss and are therefore, non-severe."  PageID.87-89.  On reconsideration, Dr. Jackson affirmed the initial decision which was "supported by the objective evidence."  PageID.105-106.

With respect to plaintiff's mental impairments, the ALJ noted that "the medical evidence suggests that the claimant's symptoms have been relatively well controlled with consistent treatment and taking medications as prescribed" and that "[t]he record reflects only routine mental health appointments without crisis treatment or inpatient hospitalization." PageID.35.  *See* PageID.34-35 (review of medical records).  State DDS psychological consultants Shamika Hall, Ph.D. (October 2019) and George Starrett, Ed.D.  (January 2020) issued opinions

which support the ALJ's finding that plaintiff retains the capacity to perform simple, routine tasks on a sustained basis.  PageID.92-93, 109.

Finally, the ALJ found that plaintiff's daily activities undermined her allegations of disabling functional limitations,

> The evidence raises other questions about the claimant's consistency of subjective allegations.  For instance, the claimant has described other daily activities that are not limited to the extent one would expect given her allegations of disabling symptoms. These activities include, driving, traveling to Las Vegas[,] grocery shopping, preparing meals, babysitter for her sister's kids, caring for her newborn, performing household chores, and using the computer (Exhibit 4E; 4F/2). While the scope and extent of these regular activities may change from day to day, the claimant's ability to participate in such activities tends to suggest that she is far more capable than she alleges and undermines the reliability of her allegations of disabling functional limitations.

PageID.35-36.

For all of these reasons, plaintiff's claims of error are denied.

### IV.   CONCLUSION

Accordingly, the Commissioner's decision will be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).  A judgment consistent with this opinion will be issued forthwith.


Dated: September 30, 2024                           /s/ Ray Kent
                                                    RAY KENT
                                                    United States Magistrate Judge